11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Debbie
Lynn Lovelace

Appellant

Vs.                   No. 11-02-00166-CR B Appeal
from Baylor County

State
of Texas

Appellee

 

The jury convicted appellant of misdemeanor driving while
intoxicated.[1]
Punishment was assessed at confinement for 1 year (suspended for 2 years) and a
180-day license suspension.[2]  This court affirmed the conviction but
reversed and remanded for a new punishment hearing.  Debbie Lynn Lovelace v. State, No. 11-99-00193-CR (Tex.App. -
Eastland, March 1, 2001, no pet=n)(not published).  On April 23, 2002, the trial court sentenced appellant to
confinement for 120 days in the Baylor County Jail.  Appellant has perfected this appeal from the April 23
sentencing.  We affirm.

 In his brief,
counsel states that there are no errors apparent from the sentencing hearing.
Counsel concludes that the appeal is wholly frivolous and without merit. 

Counsel has furnished appellant with a copy of the brief and
has advised appellant of her right to review the record and file a pro se
brief.  A pro se brief has not been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and
Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).








Following the procedures outlined in Anders, we have
independently reviewed the record.  We
agree that the appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

May 8, 2003                                                                

Do
not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.











[1]TEX. PENAL CODE ANN. ' 49.04 (Vernon 2003)
defines the offense and declares it to be a Class B misdemeanor.





[2]TEX. PENAL CODE ANN. ' 12.22 (Vernon 2003)
provides that a person convicted of a Class B misdemeanor shall be punished by
a fine not to exceed $2,000, by confinement not to exceed 180 days, or by both
a fine and a period of confinement.